UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN CHAVEZ, <br><br> Plaintiff, <br><br> -against- <br><br> HUD "PORTABILITY" DOES 1-9, et al., <br><br> Defendant. | 1:25-CV-0669 (LTS) <br><br> TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Juan Chavez, of Los Angeles, California, brings this *pro se* action invoking the court's federal question jurisdiction and diversity jurisdiction.[1] Specifically, he seems to assert claims under 24 C.F.R. § 982.302 and the Rehabilitation Act of 1973. (ECF 1, at 3.) Plaintiff names as a defendant "HUD 'Portability' Does 1-9, et al." or "Adverse Actio/Credit; Portability HUD does 1-9," which the Court construes as being the United States Department of Housing and Urban Development ("HUD"). He seeks as relief "re/instatement of Section 8 assistance and damages," as well as maximum "equitable and injunctive relief in the interest of justice as justice so requires." (*Id*. at 4.) Plaintiff alleges that "Defendant PHA failed to provide reasona[ble] accomod[a]tion, are required [b]y [S]ection 504, despite [his] request caus[i]ng [P]laintiff undue har[d]ship and entitling [him] to relief including reinstatement of [S]ection 8 assistance and damages [*sic*]." (*Id.*)

The Court construes Plaintiff's claims as brought under the court's federal question jurisdiction, under the Rehabilitation Act, the Administrative Procedure Act ("APA"), and the

---

[1] Plaintiff's complaint and *in forma pauperis* application are styled for the United States District Court for the District of Massachusetts.

Federal Tort Claims Act ("FTCA"). For the following reasons, the Court transfers this action to the United States District Court for the Central District of California.

## DISCUSSION

The appropriate venue provision for Plaintiff's claims under the Rehabilitation Act and the APA is found at 28 U.S.C. § 1391(e)(1), which provides that, unless otherwise provided by law, any civil action against a federal agency, such as HUD, must be brought in:

> any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). With respect to claims under the FTCA, they must be brought "in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b).

HUD, a federal agency, would seem to reside throughout the United States of America and, therefore, it would appear that, under Section 1391(e)(1)(A), all of the federal district courts are proper venues for Plaintiff's claims under the Rehabilitation Act and the APA. That being said, because it appears that the alleged events giving rise to these claims have occurred in Los Angeles, California; the real property at issue, if there is any, is located there; and/or because Plaintiff also resides in that city, which lies within the Central District of California, *see* 28 U.S.C. § 84(c)(2); the United States District Court for the Central District of California is a proper venue for these claims, under Section 1391(e)(1)(B) and/or (C). In addition, for essentially those same reasons, the United States District Court for the Central District of California is the only proper venue for Plaintiff's clams under the FTCA. See § 1402(b).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other federal district court where it might have been brought

"[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under 28 U.S.C. § 1406(a), if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Transfer of Plaintiff's claims under the Rehabilitation Act and the APA, pursuant to Section 1404(a), to the United States District Court for the Central District of California appears to be appropriate. The alleged events that are the bases for Plaintiff's claims appear to have occurred in Los Angeles, California, within the Central District of California; the real property at issue, if there is any, seems to be located there; and Plaintiff seems to reside there. Thus, it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district. The United States District Court for the Central District of California, therefore, appears to be a more convenient forum for these claims. Accordingly, the Court transfers these claims to that court. *See* § 1404(a) *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under

3

Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

In addition, because, as discussed above, that court is the only proper venue for Plaintiff's claims under the FTCA, pursuant to Section 1406(a), the Court transfers such claims to that court as well.

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Central District of California. *See* 28 U.S.C. §§ 1404(a), 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 24, 2025
       New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge